Matthias, J.
This is an action by the board of trustees of the law library association against the city finance director to compel him to distribute to it a portion of certain money received by him, pursuant to the provisions of Sections 4513.35 and 5503.04, Revised Code. The issue which is dispositive of the cause is whether Section 3375.53, Revised Code, provides a source of income to the law library association through such finance director, which is separate from and independent of other sources of income to such association, as set out in other sections of the Revised Code.
Sections 3375.50, 3375.52, 3375.53, 5503.04 and 4513.35, Revised Code, are pertinent to our inquiry.
Section 3375.50, so far as'it is pertinent, reads as follows:
“All moneys collected by a municipal corporation accruing from fines * * * [etc.] for offenses and misdemeanors brought for prosecution in the name of a municipal corporation under a penal ordinance thereof, where there is in force a state statute under which the offense might be prosecuted * * * [except for that part of such money needed to pay certain specified salaries] shall be retained by the clerk of such municipal, police, or mayor’s court, and be paid by him forthwith, each month, to the board of trustees of the law library association in the county in which such municipal corporation is located.”
The statute then provides, inter alia, that “the total amount paid under this section in any one calendar year by the clerks of all municipal, police, and mayor’s courts in any one county to the board of trustees of such law library association shall in no event exceed seventy-five hundred dollars and the maximum amount paid by any one of such courts shall in no event exceed three thousand dollars in any one calendar year”; that “the maximum amount to be paid by each such clerk shall be determined by the county auditor in December of each year for the next succeeding calendar year”; and that, “when such amount, so determined by the auditor, has been paid to the board of trustees of such law library association, then no further payments shall be required thereunder in that calendar year from the clerk of such court.”
Section 3375.52, so far as it is pertinent, reads:
*245 '■‘In each county of the state, all moneys arising from fines ® * * [etc.] taken by the Court of Common Pleas and the Probate Court of such county * * * on account of offenses and misdemeanors brought for prosecution in such courts in the name of the state, shall be retained and paid monthly by the clerk of such courts to the board of trustees of the law library association. The total sums so paid therefrom shall not exceed twelve hundred fifty dollars per annum, and when that amount has been paid to such board, in accordance with this section, then no further payments shall be required thereunder in that calendar year from the clerks of such respective courts. ’ ’
Section 3375.53, so far as it is pertinent, reads:
“In each county, 50 per cent of all moneys arising from fines * * * [etc.] on account of offenses brought for prosecution in any court in such county under Chapters 4301 and 4303 of the Revised Code [chapters entitled “Liquor Control Law” and “Liquor Permits”] and the state traffic latos shall be paid monthly by the treasurer of the county or municipal corporation to the board of trustees of the law library association in such county, but the sum so paid to such board by each treasurer shall not exceed twelve hundred dollars per annum under Chapters 4301 and 4303 of the Revised. Code, and when that amount has been so paid to such board in accordance with this section, then no further payments shall be required thereunder in that calendar year from such treasurers.” (Emphasis added.)
To recapitulate at this point, it is seen that the statutes quoted contemplate seven separate and distinct sources from which a county law library association is to receive portions of money resulting from various types of prosecutions. They are, clerks of municipal, police and mayor's courts (Section 3375.50), clerks of Common Pleas and Probate Courts (Section 3375.52), treasurers of counties and treasurers of municipal corporations (Section 3375.53). It must be emphasized that this action concerns only the latter source — treasurers of municipal corporations — and, therefore, only those parts of the statutes which relate thereto.
Section 3375.53 is the statute which relator says imposes a *246 clear legal duty on respondent, and that statute must be read in pari materia with Sections 4301.57, 4513.35 and 5503.04, Revised Code, in order to be fitted into its proper place in the legislative scheme of providing financial support for county law library associations.
Section 4301.57 states that “money from fines and forfeited bonds collected under any of the penal laws of this state relating to the manufacture, importation, transportation, distribution or sale of beer or intoxicating liquor shall be paid as follows: one half to the credit of the general revenue fund and one half to the treasury of the county where the prosecution is held.”
That is, of course, a special statute which controls, and it is seen that since none of the money derived from fines for violations of liquor laws is designated for distribution to treasurers of municipalities, none can be said to be designated for distribution by them to law library associations, pursuant to the provisions of Section 3375.53. We again call attention to the fact that we are not herein concerned with the distribution duties imposed by Section 3375.53 ’upon county treasurers, but only with the distribution dutieá; imposed by that statute upon the treasurers of municipal corporations. Stated simply, municipal treasurers never see any of the money collected from fines for violations of the liquor laws and, therefore, cannot disburse to law library associations that, which they do not have.
The situation is different, however, with respect to money arising from prosecutions under state traffic laws.
Section 4513.35, Revised Code, is another special statute which controls general statutes on the same subject. It reads:
“All fines collected under Sections 4511.01 to 4511.78, inclusive, 4511.99 [comprising the chapter entitled “Traffic Laws —Operation of Motor Vehicles”] and 4513.01 to 4513.37, inclusive, of the Revised Code [encompassing most of the sections in the chapter entitled “Traffic Laws— Equipment; Loads”] shall be paid into the county treasury * * * provided that all fines collected from, or moneys arising from bonds forfeited by, persons apprehended or arrested by state highway patrolmen *247 shall he distributed as provided in Section 5503.04 of the Revised Coded’ '(Emphasis added.)
Thus, money received from prosecutions for violations of state traffic laws goes exclusively to counties unless municipalities are included as beneficiaries under the noted exception of money derived from apprehensions and arrests by state highway patrolmen. Such money is specifically excepted from distribution under Section 4513.35, and distribution of such money is specifically ordered to be in accordance with Section 5503.04, Revised Code.
Section 5503.04, so far as it is pertinent, reads as follows:
“If such prosecution [of a person apprehended or arrested by a state highway patrolman] is in a municipal court, 45 per cent of such moneys [fines collected or money arising from bond forfeitures] shall be paid into the state treasury * * ten per cent to the county treasury, and 45 per cent to the municipal treasury to be credited to the general fund of such * * * municipal corporation.
“The trial court shall make remittance of such moneys as prescribed in this section * * *.” (Emphasis added.)
The. court notes that apprehensions and arrests by state highway patrolmen usually lead to prosecutions pursuant to “state traffic laws” (in the words of Section 3375.53), and it is seen that we have completed a “statutory round robin” from Section 3375.53 to Section 4513.35 to Section 5503.04 and back again to Section 3375.53.
Stated simply:
I. Section 3375.53 says that 50 per cent of money derived from prosecutions for violations of state traffic laws shall be paid monthly by the treasurers of the municipal corporations to the board of trustees of the law library association in the county.
II. Section 4513.35 says that money received by any court from persons apprehended or arrested by state highway patrolmen must be considered and handled separately from money generally derived from prosecutions for violations of state traffic laws, and must be distributed according to Section 5503.04.
*248 III. Section 5503.04 says that when a person is apprehended or arrested by a state highway patrolman and prosecuted in a municipal court, 45 per cent of the money collected must be remitted to the municipal treasurer.
From this, the conclusion is inescapable that one-half of the 45 per cent received by the treasurer of a municipal corporation as its share of fines, etc., derived from prosecutions in its municipal court of persons apprehended or arrested by state highway patrolmen for violations of state traffic laws, must be paid, monthly, to the trustees of the law library association.
Respondent calls attention to that part of Section 3375.50, supra, which states that when the clerk of a municipal, police or mayor’s court pays to the library trustees the amount deiermined by the auditor to be the share of such court, “then no further payments shall be required thereunder in that calendar year from the clerk of such court.” He contends that such language means that the clerks of such courts are thereby precluded from remitting to the library trustees, directly or indirectly through the treasurer, the percentage of “highway patrol money” as specified in Section 5503.04, supra.
However, Sections 4513.35 and 5503.04, supra, are special statutes which would control in the event of a conflict with Section 3375.50, and there could be a conflict only if a person apprehended or arrested by a state highway patrolman were to be prosecuted in a municipal, police or mayor’s court in the name of a municipal corporation under an ordinance thereof, where there is in force a state statute under which the offense might be prosecuted. That fact, considered together with the fact that the maximum amounts set out in Section 3375.50 which are to be paid to and received by law libraries are, by the terms of the statute, limited to “the total amount paid under this section,” refutes respondent’s argument.
It is also apparent from the briefs that confusion exists as to the meaning of the phrase, “trial court,” in that part of Section 5503.04 which states, “the trial court shall make remittance * * It is clear to this court that the phrase, *249 “trial court,” as used, does not necessarily mean “trial judge,” as contended by relator. Section 5503.04 directs the disbursement of money collected under certain circumstances by municipal, mayor’s and othér courts, and the phrase, “the trial court shall make remittance,” obviously means that the person who receives and disburses fines, etc., in the ■ court in which persons apprehended or arrested by state highway patrolmen are prosecuted “shall make remittance,” whether he he the clerk, the mayor or the judge.
In conclusion, we find that:
I. Sections 4513.35, 5503.04 and 3375.53, Bevised Code, are in pari materia and are special statutes providing for the disposition of fines, etc., collected by any court either as the result of apprehensions or arrests by state highway patrolmen or for prosecutions under Chapters 4301 and 4303, Bevised Code, and Sections 4511.01 to 4511.78, inclusive, 4511.99 and 4513.01 to 4513.37, inclusive, of the Bevised Code, or both.
II. Sections 4513.35, 5503.04 and 3375.53, Bevised Code, as they apply to the instant case, impose a clear duty upon a municipal treasurer or fiscal officer to pay to the board of trustees of the law library association of the county 50 per cent of all money received by him from prosecutions in municipal courts of persons apprehended or arrested by state highway patrolmen for violations of state traffic laws.
III. Since Sections 4513.35, 5503.04 and 3375.53, Bevised Code, are special statutes dealing with the disbursement of money arising from sources which are ordinarily separate and distinct from the sources set out in Section 3375.50, Bevised Code, and since the maximum amounts which the library association is to receive per annum under Section 3375.50 ($3,000 from any one court and $7,500 from all courts) are limited by the terms of the statute to “the total amount paid under this section,” it is clear that such maximum amounts cannot be construed to operate as blanket máximums so as to defeat the right of the library association to receive from the municipal treasurer the money to which it is entitled under Section 3375.53, Bevised Code.
*250 For the reasons set out herein, the judgment of the Court of Appeals for Summit County is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Bell and Herbert, JJ., concur.
Peck, J., not participating.